JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sabrina Carcich
1920 Church View Road
Coopersburg, PA 18036

**(b)** County of Residence of First Listed Plaintiff — Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

## DEFENDANTS

Panera Bread
915 Airport Center Road
Allentown, PA 18109

County of Residence of First Listed Defendant — Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.A. §621, et seq

Brief description of cause:
Age Discrimination in Employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____ DOCKET NUMBER _____

DATE 9/13/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Sabrina Carcich | : | |
| v. | : | |
| Panera Bread, et al | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　　　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court.  (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　　　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　(X )


| | | |
|---|---|---|
| 9/13/2024 | Graham F. Baird | Plaintiff, Sabrina Carcich |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _1920 Church View Road, Coopersburg, PA 18036_

Address of Defendant: _915 Airport Center Road, Allentown, PA 18109_

Place of Accident, Incident or Transaction: _915 Airport Center Road, Allentown, PA 18109_

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _9/13/2024_   _____   _92692_
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Graham F. Baird_, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _9/13/2024_   _____   _92692_
                    *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| SABRINA CARCICH | : | |
| 1920 Church View Road | : | |
| Coopersburg, PA 18036 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| PANERA BREAD | : | |
| 915 Airport Center Road | : | |
| Allentown, PA 18109 | : | |
| | : | |
| And | : | |
| | : | |
| JAB HOLDING COMPANY d/b/a | : | |
| PANERA BREAD | : | |
| 3630 S. Geyer Road, Suite 100 | : | |
| St. Louis, MO 63127 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

      1.    Plaintiff, SABRINA CARCICH (hereinafter "Plaintiff") is an adult individual residing at the above address.

      2.    Defendant, PANERA BREAD ("Panera") is a business corporation organized by and operating under the laws of the Commonwealth of Pennsylvania owning, operating and doing business at the above captioned address.

      3.    Defendant, JAB HOLDING COMPANY d/b/a PANERA BREAD ("JAB") is a business corporation organized by and operating under the laws of the State of Missouri owning, operating and doing business at the above captioned address. Both Defendants are hereinafter referred to as "Defendants".

4.     At all times material hereto, Defendants qualify as Plaintiff's employer pursuant to the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act ("PHRA").

5.     Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.  (See Exhibit A, a true and correct copy of a "right-to-sue" letter issued by the Equal Employment Opportunity Commission.)

6.     This action is instituted pursuant to the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act and applicable federal law.

7.     Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

8.     Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

9.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants conduct business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal actions by Defendants as set forth herein.

## II.  Operative Facts.

10.     Plaintiff is currently a fifty-four (54) year old woman.

11.     On or about February 17, 2007, Defendants hired Plaintiff as an assistant manager, working out of one of Defendants' locations in Edison, New Jersey.

12.     During her employment, Plaintiff was promoted to an operating partner, woring primarily out of the Allentown, Pennsylvania location as captioned above.

13.     In or around November of 2022, Plaintiff came under the supervision of a new district manager by the name of Courtney Dickman, who Plaintiff believes to be in her thirties.

14.     In or around March of 2023, Ms. Dickman told Plaintiff that she was not meeting Defendants' number requirements, and placed Plaintiff on a ninety (90) day plan to "improve numbers" in the café, despite the fact that Plaintiff's location was profitable.

15.     As part of the plan, Ms. Dickman and Plaintiff were supposed to meet for four (4) weeks so that Ms. Dickman could mentor Plaintiff and provide feedback to come up with a plan to improve the café's numbers.

16.     Ms. Dickman met with Plaintiff for the first two (2) weeks of the plan, but then refused to meet the last two (2) weeks.

17.     However, in April of 2023, Ms. Dickman did attend a celebration held at the café by Plaintiff for the employees to discuss new items being introduced in the café.

18.     During this gathering Ms. Dickman stated she saw "great improvement" and met with a few employees that were interested in being promoted to managerial positions.

19.     As such, and since Ms. Dickman did not show up for the additional mentoring sessions, Plaintiff believed she had passed the improvement plan.

20.     However, Ms. Dickman also discussed with Plaintiff that she wanted Plaintiff to let one of her managers, Robin, go, who upon information and belief was approximately fifty-nine (59) years old.

21.     Plaintiff also became aware that Ms. Dickman fired another general manager who is an older employee.

22.     Ms. Dickman then hired a general manager who was eighteen (18) years old.

23.     Following this, in or around late June of 2023, Plaintiff was summoned to a meeting with Ms. Dickman and a training manager during which Ms. Dickman told Plaintiff they were removing her title of operating partner, and demoting her to general manager, and reducing her pay by approximately $10,000.00.

24.     Plaintiff received no explanation for this demotion.

25.     Plaintiff contacted Defendants' human resources representative, Vincent, to make a formal complaint against Ms. Dickman.

26.     Vincent advised he would investigate.

27.     On or about July 6, 2024, Plaintiff met with Defendants' East Coast Regional Manager, Chet, and Ms. Dickman.

28.     During this meeting, Chet stated Defendants would be reinstating Plaintiff's title and pay rate, but that Plaintiff would be placed on yet another ninety (90) day performance improvement plan.

29.     During this plan, Plaintiff again lost managers due to situations out of her control and attempted to source replacement managers from other locations.

30.     Ms. Dickman again blamed Plaintiff for these losses and falsely stated that Plaintiff had acted "irresponsibly" by not training and promoting her staff.

31.     On or about July 17, 2023, Plaintiff again spoke with Vincent to advise that Ms. Dickman had placed her on another PIP, to which Vincent responded that if Plaintiff met "most" of the items on the PIP, that Plaintiff would keep her position.

32.     On or about July 27, 2023, Ms. Dickman terminated Plaintiff's employment due to "not developing staff."

33.     Upon information and belief, Plaintiff's duties were subsumed by a younger manager, Carlos, who was fulfilling the role as an acting manager.

34.     Plaintiff worked for Defendants for sixteen (16) years with no issues until coming under the management of Ms. Dickman.

35.     As described above, Defendants were hostile to Plaintiff's age and terminated her as a result of that animus.

36.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well personal injury, emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III.  Causes of Action.**

**COUNT I—AGE DISCRIMINATION IN EMPLOYMENT ACT**
**29 U.S.C.A. §621, et seq.**

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth at length herein.

38.     Plaintiff is over fifty (50) years of age.

39.     Defendants terminated Plaintiff's employment.

40.     At all times, Plaintiff was qualified to perform the work for which she was hired by Defendants.

41.     Upon information and belief, subsequent to her termination Plaintiff's job duties were subsumed by a younger employee.

42.     As set forth above, Plaintiff was treated less favorable than other younger employees.

43.     As such, Defendants have violated the Age Discrimination in Employment Act, 29 U.S.C.A. §621, et seq.

44.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of front pay, loss of back pay, as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

45.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

46.     Plaintiff demands attorney fees and court costs.

## COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

47.     Plaintiff incorporates paragraphs 1-46 as if fully set forth at length herein.

48.     At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq, an employer may not discriminate based on age.

49.     Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

50.     Defendants are  Plaintiff's "employers" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

51.     Defendants' conduct in terminating Plaintiff is an adverse action, was taken as a result of her age and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

52.     As a proximate result of Defendants' conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of front pay, loss of back pay, loss of tips as well as emotional distress, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of

opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

53.     Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**IV.  Relief Requested.**

**WHEREFORE,** Plaintiff SABRINA CARCICH demands judgment in her favor and against Defendants, PANERA BREAD and JAB HOLDING COMPANY d/b/a PANERA BREAD jointly and severally, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering and personal injury damages;

B.  Punitive damages;

C.  Attorneys fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____

**GRAHAM F. BAIRD, ESQUIRE**
Two Penn Center
1500 JFK Boulevard,  Suite 1240
Philadelphia, PA 19102

Attorney for Plaintiff, Sabrina Carcich

Date:   9/13/2024

# EXH. A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/21/2024

**To:** Sabrina Carcich
1920 Church View Road
Coopersburg, PA 18036
Charge No: 530-2024-02677

EEOC Representative and telephone number:

Legal Unit
(267) 589-9707

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
06/21/2024
Karen McDonough
Deputy District Director

**Cc:**
Jermaine Kidd
Panera
1220 Washington Street
Newton, MA 02465

Helen Galanopoulos
Helen.Galanopoulos@panerabread.com

Wendy Ovesen
1220 WASHINGTON ST 1220 WASHINGTON STREET
Newton, MA 02465

Graham Baird
grahamb@ericshore.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2024-02677 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2024-02677 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.